FILED
SCRANTON
MAY 2 2 2013

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM C. OSER,
    Petitioner

v.

DIRECTOR CHARLES SAMUELS, et al.,
    Respondents

CIVIL NO. 3:12-CV-2535

(JUDGE NEALON)
(MAGISTRATE JUDGE SCHWAB)

## MEMORANDUM

On December 19, 2012, Petitioner, William C. Oser, an inmate currently confined in the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that his confinement in the Special Management Unit ("SMU") at USP-Lewisburg is unconstitutional. (Doc. 1). For relief, he seeks a Court order directing his release to general population at "an appropriate facility", monetary damages, and the "immediate termination of the SMU Program in the F-BOP [Federal Bureau of Prisons]." (Id.). On January 16, 2013, Magistrate Judge Susan E. Schwab issued a Report and Recommendation ("R&R") concluding that Petitioner's claim is not cognizable in habeas corpus. (Doc. 6). The R&R recommends that the habeas petition be dismissed without prejudice to Petitioner's right to bring his claims under Bivens.[1] (Id.). On January 24, 2013, Petitioner filed objections to the R&R. (Doc. 7). For the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. §

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

Petitions filed pursuant to 28 U.S.C. § 2241 shall be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See U.S.C. Sec. 2254 Cases R 4; Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.) (explaining that the Rules Governing Section 2254 Cases are applicable to section 2241 petitions through Rule 1(b)). Accordingly, Magistrate Judge Schwab screened the instant petition. See (Doc. 6).

The R&R explains that habeas corpus is an avenue by which a prisoner may challenge the fact or duration of his confinement in prison. (Doc. 6, pp. 1-2) (citing Preiser v. Rodriguez, 411 U.S. 475, 484, 500 (1973)). It is also available for a prisoner to challenge the execution of his sentence. (Id.) (citing Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005)). "'Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction' a civil rights action is appropriate." (Doc. 6, p. 2) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see

also Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) (affirming the District Court's dismissal of Cardona's section 2241 petition for lack of jurisdiction because his claim, that he was illegally referred to the SMU in USP-Lewisburg, is not cognizable in habeas corpus).

Magistrate Judge Schwab finds that in the instant habeas petition, Petitioner "is not challenging his conviction or the very fact or duration of his physical imprisonment ...[or] the execution of his sentence." (Doc. 6, p. 3). Therefore, the Magistrate Judge concludes that the claim is not within the scope of habeas corpus, but may be cognizable as a Bivens claim. (Id. at p. 3 n.2). The R&R recommends that the section 2241 petition be dismissed without prejudice for lack of subject-matter jurisdiction. (Id. at pp. 3-4).

In his objections, Petitioner argues that he is challenging the validity of confinement and custody, and the duration and length of his confinement in the SMU. (Doc. 7). Petitioner asserts that "anything effecting a prisoner's custody is the core of habeas corpus." (Id. at p. 2) (citing Preiser, 411 U.S. 475). He therefore submits that habeas corpus provides relief. (Id.).

After de novo review, this Court finds that Petitioner misinterprets federal habeas corpus law. Significantly, "the 'core of habeas' [is] the validity of the continued **conviction** or the fact or length of the **sentence**." Leamer, 288 F.3d at p. 542 (emphasis added). Petitioner's claim, however, relates to the validity of his confinement in the SMU, not to his conviction, and to the duration of length of his placement in the SMU, not to his sentence. This challenge "is to a condition of confinement" and any ruling in Petitioner's favor regarding the lawfulness of his continued placement in the SMU "would not alter his sentence or undo his conviction"; consequently, his claim is not properly brought under habeas. See id. at p. 544.

This Court and the Third Circuit Court of Appeals have considered similar challenges to a

3

prisoner's placement in the SMU at USP-Lewisburg and have repeatedly held that such claims are not cognizable under habeas corpus. See e.g. Hill v. AG United States, 2013 U.S. App. LEXIS 9403 (3d Cir. 2013) (affirming the order of the District Court denying Hill's section 2241 petition without prejudice because his claim challenging his confinement in the SMU at USP-Lewisburg is not cognizable under federal habeas corpus); Parks v. Holder, 2013 U.S. App. LEXIS 18 (3d Cir. 2013) (agreeing with the District Court that Parks' placement in the SMU at USP-Lewisburg "does not give rise to a habeas claim and his claims, if any, may only be brought in a Bivens action"); Brown v. Bledsoe, 405 Fed. Appx. 575, 576-77 (3d Cir. Pa. 2011) (finding no error in the District Court's decision to dismiss Brown's section 2241 petition challenging his transfer to the SMU at USP-Lewisburg because he "did not challenge the fact or the duration of his confinement" or show that his transfer "was anything other than a 'garden variety prison transfer'"); Murray v. Bledsoe, 386 Fed. Appx. 139, 140 (3d Cir. 2010) (affirming the District Court's order dismissing the habeas petition because "Murray's complaint regarding cell confinement [in the SMU at USP-Lewisburg] does not challenge the fact or duration of his imprisonment, nor does it having any bearing on the validity of his conviction); Shelton v. Samuels, et al., No. 3:13-cv-220 at (Doc. 10) (M.D. Pa. February 15, 2013) (Nealon, J.) (finding that Shelton's challenge to his continued placement in the SMU at USP-Lewisburg is not cognizable in habeas corpus); Garcia v. Thomas, et al., No. 3:13-cv-013 at (Doc. 4) (M.D. Pa. March 26, 2013) (adopting the R&R recommending dismissal of Garcia's section 2241 petition because his placement in the SMU at USP-Lewisburg is not cognizable under habeas corpus). Accordingly, the instant habeas petition will be dismissed without prejudice to Petitioner's ability

to raise his claims in a <u>Bivens</u> action.[2] The R&R will be adopted and Petitioner's objections will be overruled.

A separate Order will be issued.

Date: May 22, 2013                                **United States District Judge**

---

    [2]This Court is offering no opinion as to the merit, if any, of any civil rights claim Petitioner may file under 42 U.S.C. § 1983.

5